ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 MAY 25 PM 12: 35

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TYRA LIGHTFOOT O'BRYANT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV 105-034 |
| v. ) | |
| ) | |
| ANTHONY J. PRINCIPI, Secretary of ) | |
| Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned employment discrimination case on March 8, 2005 and requested permission to proceed *in forma pauperis* ("IFP"). However, upon review of Plaintiff's motion to proceed IFP and supporting financial information, the Court concluded that Plaintiff should be required to pay the $250.00 filing fee. (Doc. no. 3). She was directed in the Court's March 18, 2005 Order to pay the filing fee within twenty (20) days and was warned that failure to pay could result in dismissal of her case. (Id. at 2). Plaintiff did not respond.

Because the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), on April 25, 2005, the Court granted Plaintiff ten (10) additional days to comply with the terms of the Court's March 18th Order. (Doc. no. 4). Once again, Plaintiff was warned that her failure to comply in a

timely fashion with the Court's Order would result in a recommendation that her case be dismissed. (Id. at 2).

The time to respond has passed, and Plaintiff has not paid the $250.00 filing fee for this case, nor has she provided the Court with any explanation why she has not complied with the Court's Order to do so. Under Loc. R. 4.2(2), if an IFP motion is denied, a plaintiff has 20 calendar days from the date of service of the order denying the IFP motion to pay the appropriate filing fee. "Failure to make timely payment will result in dismissal of the complaint." Loc. R. 4.2(2). As described above, over 20 days have passed since Plaintiff's IFP motion was denied.

Moreover, the Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny . . . failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(b) & (c). Clearly Plaintiff's failure to pay the $250.00 filing fee - despite receiving two Orders to do so - or to otherwise respond to the Court's Orders amounts to a failure to prosecute and

2

is a violation of the requirement of Loc. R. 4.2(2) that the filing fee be paid within 20 days after the IFP request is denied. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file her case and pursue it.[1]

In sum, the Court **REPORTS** and **RECOMMENDS** that, pursuant to Loc. R. 4.2(2) and 41.1(b) & (c), this case be **DISMISSED** without prejudice because Plaintiff failed to pay the $250.00 filing fee after having been denied permission to proceed IFP or to otherwise respond to any of the Court's Orders directing her to pay the filing fee.

SO REPORTED and RECOMMENDED this 25th day of May, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Given Plaintiff's earlier request to proceed IFP and her refusal to pay the filing fee, the Court finds that the imposition of monetary sanctions is not a feasible sanction for failing to respond to the Court's Orders.

3

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

T.L. O'BRYANT, PRO SE ✓

CASE NO: CV 105-034
DATE SERVED: 05/25/05
SERVED BY: J.A. HOWELL

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate